# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| A. DENNIS MCCLURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-01301-STA-dkv |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)

Plaintiff A. Dennis McClure filed this action to obtain judicial review of Defendant Commissioner's final decision denying his applications for disability insurance benefits under Title II of the Social Security Act ("Act") and Supplemental Security Income ("SSI") under Title XVI. Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on January 4, 2013. On May 17, 2013, the ALJ issued a partially favorable decision, finding that Plaintiff became disabled on January 1, 2012, which was after his date last insured of September 30, 2011. The Appeals Council subsequently denied his request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the

power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7]

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[8] "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[9] These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on February 28, 1965. In his disability report, he alleged disability due to back pain, chronic obstructive pulmonary disorder ("COPD"), lung problems, emphysema, and arthritis beginning October 13, 2007. He has an eleventh grade education and past work as an electrician and truck driver.

The ALJ made the following findings: (1) Plaintiff met the insured status requirements through September 30, 2011; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) since the alleged onset date, Plaintiff has had the following severe impairments: disorder of the back status post old compression fracture of L1 and L3 and COPD; beginning January 1, 2012, Plaintiff had the following additional impairments: major depressive disorder and generalized anxiety disorder; (4) prior to January 1, 2012, Plaintiff did not have impairments, either alone or in combination, that met or equaled the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (5) prior to January 1, 2012, Plaintiff had the residual functional capacity to perform light work as

---

[8] *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted).

[9] *Id.*

defined in 20 CFR 404.1567(b) and 416.967(b) except he was limited to frequent pushing and pulling with the bilateral lower extremities; frequent balancing, kneeling, crouching and crawling but only occasional stooping; occasionally climbing ramps and stairs with frequent climbing of ladders, ropes, and scaffolds; he was limited to far acuity and must avoid concentrated exposure to temperature extremes and humidity and should avoid moderate exposure to pulmonary irritants; (6) since October 13, 2007, Plaintiff has been unable to perform any past relevant work; (7) prior to the disability onset date, Plaintiff was a younger individual with a limited education; (8) prior to January 1, 2012, transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Plaintiff was not disabled whether or not he had transferable skills; (9) prior to January 1, 2012, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that Plaintiff could perform; (10) beginning on January 1, 2012, the severity of Plaintiff's impairments met the criteria of § 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), and 416.925); (11) Plaintiff was not disabled prior to January 1, 2012, but became disabled on that date and has continued to be disabled through the date of this decision; (12) Plaintiff was not under a disability within the meaning of the Act at any time through September 30, 2011, the date last insured.[10]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[11] The claimant bears the ultimate burden of establishing an entitlement to benefits.[12]

---

[10] R. 17 – 23.

[11] 42 U.S.C. § 423(d)(1).

[12] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

The initial burden of going forward is on the claimant to show that he or she is disabled from engaging in his or her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[13]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[14]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[15] Here, the sequential analysis proceeded to the fifth step for the time period related to the unfavorable portion of the decision with a finding that, although Plaintiff cannot perform his past relevant work, there are a significant number of jobs existing in the national economy that he can perform.

---

[13] *Id.*

[14] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[15] 20 C.F.R. § 404.1520(a).

Plaintiff argues that substantial evidence does not support the ALJ's findings. He specifically argues, *inter alia*, that the ALJ erred in his assessment of the medical evidence. The Court finds Plaintiff's argument to be persuasive concerning the report of consultative examiner Dennis Wilson, Ph.D.

The ALJ found that, beginning on January 1, 2012, Plaintiff's "onset of severe mental impairments were of such severity that they were disabling."[16] The determinative issue for the Court in this appeal is whether substantial evidence supports the ALJ's determination that Plaintiff's mental impairments were not disabling prior to January 1, 2012, and, in particular, prior to September 30, 2011, Plaintiff's date last insured. Thus, the issue is not whether Plaintiff's mental impairments are disabling but, instead, when did they become disabling.

In making his decision, the ALJ gave great weight to Dr. Wilson's March 26, 2013, opinion. The ALJ pointed out that Dr. Wilson determined that:

> [T]he claimant exhibited signs and symptoms of dementia with agnosia and disturbances of executive function. He further noted a good deal of cognitive disorganization with responses that were somewhat evasive and irrelevant at times. Although Dr. Wilson concluded that the claimant [had] some sort of dementing type process that appeared quite advanced, he further noted being unaware of any medical condition that would cause such dementia. … The undersigned finds Dr. Wilson's opinion generally supported by his examination and the objective treating record; therefore, the undersigned credits it with great weight in finding the claimant's level of impairment is of listing level.[17]

Plaintiff argues his mental disability began prior to January 1, 2012. In support of his argument, he points out that Dr. Wilson opined that Plaintiff had "some sort of dementing process that seems **quite advanced** at this point."[18] The Commissioner responds that Plaintiff

---

[16] R. 22.

[17] *Id.*

[18] R. 578 (emphasis added).

cites no opinion evidence suggesting an earlier onset date, nor does he point to pre-2012 evidence of impaired mental status to support a different date from the one chosen by the ALJ.

Contrary to the Commissioner's argument and the ALJ's decision, Dr. Wilson notes that Laura Lie Russell, APRN, PC, opined on January 18, 2013, that Plaintiff had "cerebellar degenerative disorder" which had disabled him for a year and a half. Dr. Wilson also commented that intake notes from Pathways dated January 13, 2012, indicated diagnoses of major depressive order and generalized anxiety disorder. While these sources may not be entitled to weight in deciding whether Plaintiff is disabled, they are evidence supporting an onset date that predates January 1, 2012. "[E]vidence of a medical condition after the termination of eligibility status must be considered to the extent that it casts light on claimant's health before that date."[19] Although Dr. Wilson questioned Plaintiff's "unusual symptoms," he remarked that "should the claimant have some sort of physical disorder such as Lewy Body Dementia,[20] these symptoms could be easily explained" and "any evidence of significant oxygen deprivation secondary to his lung problems might support a diagnosis of dementia."[21]

"Because of the substantive rights that might be impacted by the onset date determination, SSR 83–20 emphasizes that "it is essential that the onset date be correctly established and supported by the evidence ...."[22] Once a finding of disabled is made, "the

---

[19] *See Garland v. Shalala*, 78 F.3d 584 (6th Cir. 1996) ("[T]he critical date is the date of onset of disability, not the date of diagnosis").

[20] Lewy Body Dementia is "a degenerative cerebral disorder of the elderly, characterized initially by progressive dementia or psychosis, and subsequently by parkinsonian findings, usually with severe rigidity; other manifestations include involuntary movements, myoclonus, dysphagia, and orthostatic hypotension." *Stedmans Medical Dictionary* 254230 (Database updated November 2014).

[21] R. 578.

established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record."[23] Based on a review of the entire record and in particular the opinion of Dr. Wilson, the Court agrees with Plaintiff that substantial evidence does not support the ALJ's decision with respect to the onset date of his disabling mental impairments, and the ALJ's decision must be reversed and remanded to obtain medical testimony as to when Plaintiff's mental impairments became disabling.

Also concerning is that the ALJ found that, prior to January 1, 2012, Plaintiff could **occasionally** climb ramps and stairs and **frequently** climb ladders, ropes, and scaffolds.[24] In making this determination, the ALJ relied, in part, on the opinion of Dr. Knika Chaudhuri. However, Dr. Chaudhuri opined that Plaintiff could never climb ladders, ropes, or scaffolds.[25] While this error, in and of itself, might not necessitate a remand, the error lends support to the Court's decision to remand the case for additional testimony. On remand, Plaintiff's postural limitations should be clarified.

Having found that the decision must be reversed, the Court must determine whether it is appropriate to remand this case or to direct the payment of benefits. Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings.

In summary, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for a reassessment of Plaintiff's

---

[22] *Gardner v. Comm'r of Soc. Sec.*, 2012 WL 4450169 at *13 (E.D. Mich. Aug. 17, 2012), *report and recommendation adopted*, 2012 WL 4450068 (E.D. Mich. Sept. 26, 2012).

[23] *Id.* (citing SSR 83-20).

[24] Finding No. 5 at R. 18 (emphasis added).

[25] R. 20.

postural limitations and additional testimony and fact-finding as to the onset date of his disabling mental limitations. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 1, 2017.